IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**ABERCROMBIE ONLINE, LLC,**
    Plaintiff,

vs.

**LIFEPROXY, LLC,**

Defendant.

C.A. NO. 1:14-259-RGA

## DEFENDANT LIFEPROXY, LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

<u>*Of Counsel:*</u>

David M. Farnum
ATFirm PLLC
1701 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
(202) 344-4379
dmfarnum@atfirm.com

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Defendant LifeProxy, LLC*

**Table of Contents**

I. STATEMENT ON NATURE AND STAGE OF THE PROCEEDINGS ............................... 1

II. SUMMARY OF ARGUMENT .................................................................................. 1

III. STATEMENT OF FACTS........................................................................................ 1

IV. ARGUMENT ............................................................................................................ 3

    A. LEGAL STANDARD ............................................................................................ 3

    B. DECLARATORY JUDGMENT INVALIDITY CLAIMS MUST MEET *TWOMBLY/IQBAL'S* PLEADING STANDARD ............................................................................................................ 4

    C. ABERCROMBIE'S INVALIDITY CLAIMS ARE DEFICIENT UNDER *TWOMBLY* AND *IQBAL* ......... 6

    D. DECLARATORY JUDGMENT NON-INFRINGEMENT CLAIMS MUST MEET *TWOMBLY/IQBAL'S* PLEADING STANDARD ............................................................................................................ 8

    E. ABERCROMBIE'S NON-INFRINGEMENT CLAIMS ARE DEFICIENT UNDER *TWOMBLV* AND *IQBAL* ............................................................................................................................... 9

V. CONCLUSION ........................................................................................................ 10

## Table of Authorities

**Cases**

*Armstrong Pump, Inc. v. Hartman*, No. 10-CV-4465, 2012 WL 1029645 (W.D.N.Y. Mar. 26, 2012) ................................................................................................................................. 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 3, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 3, 7

*Cleversafe, Inc. v. Amplidata, Inc.*, 2011 U.S. Dist. LEXIS 145995 (N.D. Ill. Dec. 20, 2011) ..... 5

*EMC Corp. v. Zerto, Inc.*, C.A. No. 12-956-GMS, D.I. 114, (slip op.) (D. Del. Jul. 31, 2014) . 3, 4

*Gradient Enterprises, Inc. v. Skype Technologies SA*, No. 10-cv-6712L (W.D.N.Y. Mar. 25, 2013) ................................................................................................................................. 9

*In re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ................................................................................................................... 3, 4, 6, 9

*Infineon Techs. Ag v. Volterra Semiconductor Corp.*, No. 11-6239, 2013 U.S. Dist. LEXIS 17501 (N.D. Cal. Feb. 7, 2013) ........................................................................................ 9

*Internet Media Corp. v. Hearst Newspapers, LLC*, C.A. No. 1O-690-SLR, 2012 U.S. Dist. LEXIS 126788 (D. Del. Sept. 6, 2012) ............................................................................ 4, 6

*Memory Control Enterprise, LLC v. Edmunds.com, Inc.*, No. CV 11-7658, 2012 WL 681765 (C.D. Cal. Feb. 8, 2012) .................................................................................................. 5, 8

*Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-cv-0538, 2013 WL 4016302 (S.D.N.Y. Aug. 7, 2013) ..................................................................................................... 5

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) ....................... 8

*Pagemelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686 (N. D. Cal. Sept. 6, 2012) ................................................................................................................................. 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ....................................... 8

*Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. 893 (E.D. Pa. 2011) ........................................ 5

*Xilinx, Inc. v. Invention lnv. Fund I LP*, No. C 11-0671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ................................................................................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1

Defendant LifeProxy, LLC ("LifeProxy") hereby submits this Opening Brief in support of its Fed. R. Civ. P. 12(b)(6) motion dismiss Plaintiff Abercrombie Online, LLC's ("Abercrombie") Complaint for Declaratory Judgment of Invalidity and Non-Infringement for failure to state a claim upon which relief can be granted.

I.     Statement on Nature and Stage of the Proceedings

This case is a declaratory judgment action, in which the plaintiff, Abercrombie, seeks declaratory judgment that two of LifeProxy's patents are invalid and not infringed. Abercrombie filed the Complaint in February 2014, but did not serve it until June 17, 2014. LifeProxy now moves to dismiss Abercrombie's Complaint.

II.    Summary of Argument

Abercrombie filed this suit seeking declaratory judgments of invalidity and non-infringement of certain LifeProxy patents. Abercrombie's declaratory judgment claims are subject to the same pleading standard as claims for infringement by a patent-holder would be. Thus, Abercrombie is expected to have performed an adequate pre-suit investigation and, if warranted, to file a declaratory judgment action with the requisite supporting factual allegations under the Supreme Court's *Twombly* and *Iqbal* decisions. Here, Abercrombie's claims seeking declaratory judgments of invalidity and non-infringement lack the requisite supporting factual allegations, and should be dismissed.

III.   Statement of Facts

Abercrombie filed this lawsuit against LifeProxy on February 24, 2014 seeking declaratory judgments of invalidity and non-infringement of two of LifeProxy's patents, U.S. Patent No. 7,461,024 ("the '024 patent") and U.S. Patent No. 8,204,819 ("the '819 patent"). (D.I. 1.) As part of the Complaint, Abercrombie attached copies of the '024 patent and the '819 patent, as well as, correspondence between LifeProxy and Abercrombie. (D.I. 1, Ex. 1-3.)

1

Abercrombie did not attach any other supporting materials to the Complaint.  Abercrombie did not serve the Complaint on LifeProxy until June 17, 2014.  (D.I. 6.)

Abercrombie's invalidity claims, Counts Two and Four of the Complaint, recite, in relevant part:

> 24.  The '024 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.  For example, one or more claims of the '024 patent are invalid, at least under 35 U.S.C. §§ 102/103, based upon at least the following prior art: Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton.
>
> …
>
> 32.  The '819 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto. For example, one or more claims of the '819 patent are invalid, at least under 35 U.S.C. §§ 102/103, based upon at least the following prior art: Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton.

(D.I. 1, ¶¶ 24, 32.)

Abercrombie's non-infringement claims, Counts One and Three of the Complaint, recite, in relevant part:

> 20.  Abercrombie has not directly infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of the '024 patent, either literally or under the doctrine of equivalents.  For example, ezsniper.com and bidnapper.com do not infringe any valid and enforceable claim of the '024 patent, either literally or under the doctrine of equivalents.
>
> …
>
> 28.  Abercrombie has not directly infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of the '819 patent, either literally or under the doctrine of equivalents. For example, ezsniper.com and bidnapper.com do not infringe any valid and enforceable claim of the '819 patent, either literally or under the doctrine of equivalents.

(D.I. 1, ¶¶ 20, 28.)

IV. <u>Argument</u>

Abercrombie's Complaint seeking declaratory judgments of invalidity and non-infringement should be dismissed for failing to satisfy the pleading standards of the Supreme Court's *Twombly* and *Iqbal* decisions.

A. <u>Legal Standard</u>

To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *In re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (holding a claim must plead "enough factual matter that, when taken as true, states a claim to relief that is plausible on its face" (internal quotations marks and citation omitted)); *EMC Corp. v. Zerto, Inc.*, C.A. No. 12-956-GMS, D.I. 114, at 1-2 (slip op.) (D. Del. Jul. 31, 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. If the court can infer no more than "the mere possibility of misconduct" from the factual averments - in other words, if the well-pleaded allegations of the Complaint have not "nudged claims across the line from conceivable to plausible," dismissal is appropriate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a court "must take all of the factual allegations in the complaint as true," it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

    B.    <u>Declaratory Judgment Invalidity Claims Must Meet *Twombly/Iqbal's* Pleading Standard</u>

Decisions from this district leave no doubt that the pleading standard of *Twombly* and *Iqbal* applies to claims seeking a declaratory judgment of invalidity in patent cases. *See, e.g., Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 301-02 (D. Del. 2013) (holding that "the pleading standards set forth in and apply to counterclaims of invalidity" and "a formulaic recitation of a cause of action's elements will not do"); *EMC*, C.A. No. 12-956-GMS, D.I. 144, at 3-4 (slip op.) (same); *Internet Media Corp. v. Hearst Newspapers, LLC*, C.A. No. 1O-690-SLR, 2012 U.S. Dist. LEXIS 126788, at *6-7 (D. Del. Sept. 6, 2012) (same). In reaching this conclusion, these decisions have affirmatively rejected the argument that the pleading standard of Form 18 governs such claims:

> Second, the Federal Circuit has explained that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement ...." *In re Bill of Lading*, 681 F.3d at 1336. As such, "the fact that Form 18 (rather than *Twombly* and *Iqbal*) remains the standard for pleading [direct] infringement claims is an insufficient justification for deviating from *Twombly* and *Iqbal* for pleading other causes of action." *Senju*, 921 F. Supp. 2d at 303. Therefore, the court concurs with Judge Robinson's holding in Senju – "the pleading standards set forth in *Twombly* and *Iqbal* apply to counterclaims of invalidity." *Id.* (citations omitted).

*EMC*, C.A. No. 12-956-GMS, D.I. 114, at 3 (slip op.) (dismissing counterclaims alleging: "One or more claims ... is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.").

This District's rulings that the *Twombly* and *Iqbal* standard applies to declaratory judgment claims seeking are consistent with the emerging consensus of other district courts in

4

the Third Circuit and around the country. *See, e.g., Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. 893, 898 (E.D. Pa. 2011) (dismissing invalidity counterclaims because "[i]n the wake of *Twombly* and *Iqbal*, it is clear that a[] counterclaim must set forth sufficient facts to give rise to a plausible claim for relief"); *see also Orientview Techs. LLC v. Seven For All Mankind, LLC*, No. 13-cv-0538, 2013 WL 4016302, at *6 (S.D.N.Y. Aug. 7, 2013) (dismissing invalidity counterclaims because "[t]his Court is ultimately not persuaded ... that a bare assertion of invalidity meets the pleading requirements demanded by *Twombly* and *Iqbal*"); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-4465, 2012 WL 1029645, at *2 (W.D.N.Y. Mar. 26, 2012) (holding that counterclaims for patent invalidity were insufficient under either Form 18 or *Twombly* where the counterclaims "conclusorily allege[d] that every claim in each of three patents fail[ed] to meet one or multiple unspecified conditions for patentability"); *Cleversafe, Inc. v. Amplidata, Inc.*, 2011 U.S. Dist. LEXIS 145995 (N.D. Ill. Dec. 20, 2011) (holding *Twombly* and *Iqbal* applied to counterclaims for invalidity); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011) (holding that the court "will not accept 'wholly conclusory allegations' in a claim alleging patent invalidity, and that simply 'pleading the citation' to a section of the Patent Act is not sufficient").

Notably, the Central District of California has held that conclusory allegations of patent invalidity are insufficient, while noting that there are at least seven reasons why a patent might be invalid under 35 U.S.C. § 102(a)-(g) alone. *See Memory Control Enterprise, LLC v. Edmunds.com, Inc.*, No. CV 11-7658, 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012). This analysis comports with the requirement that when patent holders file suit, they must distinguish between the different parts of 35 U.S.C. § 271 with different elements, for example, § 271(a) (direct infringement), § 271(b) (inducement to infringe), and § 271(c) (contributory

infringement). *See, e.g In re Bill of Lading*, 681 F.3d at 1336 (recognizing that different bases for infringement require separate pleading). This requirement should apply with equal, or even greater force, when separate sections of the Patent Statute, such as §§ 101, 102, 103 and 112, are alleged as the basis for invalidity.

    C.        Abercrombie's Invalidity Claims Are Deficient Under *Twombly* and *Iqbal*

Abercrombie has pled its claims seeking a declaratory judgment of invalidity with the type of notice allegations that courts in this district now dismiss pursuant to *Twombly* and *Iqbal*:

> 24. The '024 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto. For example, one or more claims of the '819 patent are invalid, at least under 35 U.S.C. §§ 102/103, based upon at least the following prior art: Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton.
> 
> …
> 
> 32. The '819 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto. For example, one or more claims of the '819 patent are invalid, at least under 35 U.S.C. §§ 102/103, based upon at least the following prior art: Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton.

(D.I. 1, ¶¶ 24, 32.) These claims are the type of notice allegations that courts in this district now routinely dismiss pursuant to *Twombly* and *Iqbal*. *See, e.g.*, *Internet Media,* C.A. No. 1O-690-SLR, 2012 U.S. Dist. LEXIS 126788, at *5 (dismissing invalidity counterclaims alleging that "the claims of the '835 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including, but not limited to,§101, 102, 103, and 112"); *Senju Pharm.*, C.A. No. 12-159, D.I. 9 at p. 16 11 (Mar. 16, 2012) (dismissing invalidity counterclaims alleging "[u]pon information and belief, the claims of the

6

'045 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112").

Here, Abercrombie does not adequately specify the law or laws that allegedly invalidate claims of the '024 or '819 patent. Instead, LifeProxy is left to speculate as to what factual basis exists for Abercrombie's allegations of invalidity or why any such facts allegedly operate to invalidate the '024 and '819 patents. For example, Abercrombie simply identifies § 101 and some unidentified "rules, regulations and laws pertaining thereto," without providing any factual support for that claim. Similarly, Abercrombie simply identifies § 112 without specifying the particular portion of § 112 (such as written description, enablement, indefiniteness, etc.) or any particular facts under which LifeProxy's patents are allegedly invalid for failure to comply with that section. Abercrombie's Complaint does nothing more than identify §§ 101 and 112 without providing any factual support for its allegations, and therefore, has failed to state a claim is plausible on its face. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, 550 U.S. at 570 (ruling well-pled claims must allow the inference of more than "the mere possibility of misconduct" and must "nudge[] claims across the line from conceivable to plausible").

Abercrombie has attempted to bolster its §§ 102 and 103 invalidity claims by including the following identification of alleged prior art: "Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton." (D.I. 1, ¶¶ 24, 32.) However, Abercrombie's mere listing of this alleged art fails to satisfy the pleading standard. Abercrombie's listing, which appears to be of products as opposed to patents or other written materials, fails to give notice of the exact art at issue—the description itself is insufficient to

7

identify the art and Abercrombie did not attach any supporting materials identifying this art to the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting in assessing whether a complaint is sufficiently pled, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). In addition, Abercrombie has failed to give notice of the factual bases that support a specific §§ 102 (anticipation) or 103 (obviousness) claim. *See Memory Control Enterprise*, No. CV 11-7658, 2012 WL 681765, at *3 (noting that there are at least seven reasons why a patent might be invalid under 35 U.S.C. § 102(a)-(g) alone). For example, just as the separate subparts of § 271 entail different elements, the separate subparts of § 102 entail different elements. Section 103, regarding when a patent is invalid for obviousness, involves additional distinct and separate elements. Abercrombie's Complaint does not adequately distinguish between these different bases for invalidity, nor provide sufficient factual support for them, nor give fair notice of these claims.

Abercrombie's declaratory judgment claims for invalidity fail to provide the requisite supporting factual allegations under *Twombly* and *Iqbal*, and therefore should be dismissed for failure to state a claim for which relief can be granted.

D. <u>Declaratory Judgment Non-Infringement Claims Must Meet *Twombly/Iqbal's* Pleading Standard</u>

Similar to declaratory judgment invalidity claims, claims seeking declaratory judgment of non-infringement are generally subject to the *Twombly* and *Iqbal* pleading standard. Although the Federal Rules of Civil Procedure provide a form for patent complaints, Form 18, the Federal Circuit has held that "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement" and allegations of indirect

8

infringement are subject to the pleading requirements of *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1336-37. Accordingly, district courts have determined that claims seeking a declaratory judgment of non-infringement may be subject to the pleading requirements of *Twombly* and *Iqbal*. *See, e.g., Pagemelding, Inc. v. ESPN, Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *2 (N. D. Cal. Sept. 6, 2012) (holding "[t]he direct non-infringement portion of ESPN's counterclaim must be evaluated under Form 18, whereas the indirect non-infringement portion is subjected to the heightened pleading standard of Iqbal and Twombly"); *Gradient Enterprises, Inc. v. Skype Technologies SA*, No. 10-cv-6712L, at 2-3 (W.D.N.Y. Mar. 25, 2013) (holding "that the stricter *Twombly* standard applies to noninfringement counterclaims, to the extent that they relate to indirect infringement. In other words, to the extent that defendants seek a declaration that they have not indirectly infringed the patent in suit, they must meet the "plausibility" standard of *Twombly* and *Iqbal*."); *see also Infineon Techs. Ag v. Volterra Semiconductor Corp.*, No. 11-6239, 2013 U.S. Dist. LEXIS 17501, at *3-4 (N.D. Cal. Feb. 7, 2013).

E. Abercrombie's Non-Infringement Claims Are Deficient Under *Twombly* and *Iqbal*

Abercrombie has pled its claims seeking declaratory judgments of non-infringement with insufficient factual bases:

> 20. Abercrombie has not directly infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of the '024 patent, either literally or under the doctrine of equivalents. For example, ezsniper.com and bidnapper.com do not infringe any valid and enforceable claim of the '024 patent, either literally or under the doctrine of equivalents.

> …

> 28. Abercrombie has not directly infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of the '819 patent, either literally or under the doctrine of equivalents. For example, ezsniper.com and bidnapper.com do not infringe any valid and enforceable claim of the '819 patent, either literally or under the doctrine of equivalents.

9

(D.I. 1, ¶¶ 20, 28.)

As set forth above, Abercrombie's non-infringement claims relating to inducement and contributory infringement are subject to the pleading requirements of *Twombly* and *Iqbal*. Abercrombie's bare allegation that it "has not . . . contributed to the infringement of, or induced others to infringe, any valid and enforceable claim of" either of LifeProxy's patents, (D.I. 1, ¶¶ 20, 28), falls far short of stating a claim that is plausible on its face. For instance, Abercrombie does not discuss what the alleged differences are between the accused products and services (which themselves are not clearly identified), nor does Abercrombie explain why those differences are sufficient to avoid infringement. Abercrombie is not entitled to a declaratory judgment of non-infringement by simply stating that it does not infringe. In addition, Abercrombie has failed to identify the relevant statutory provision for any of its non-infringement claims (direct, contributory, or inducement).

Abercrombie's declaratory judgment claims for non-infringement fail to provide the requisite supporting factual allegations under *Twombly* and *Iqbal*, and therefore should be dismissed for failure to state a claim for which relief can be granted.

V.      Conclusion

For the reasons set forth herein, Abercrombie's Complaint for Declaratory Judgment of Invalidity and Non-Infringement should be dismissed.

                                                            Respectfully submitted.

| | |
|---|---|
| *Of Counsel:* | */s/ George Pazuniak*<br>George Pazuniak (DE Bar No. 478)<br>O'KELLY ERNST & BIELLI, LLC |
| David M. Farnum<br>ATFirm PLLC<br>1701 Pennsylvania Avenue, NW, Suite 300<br>Washington, DC 20006<br>(202) 344-4379<br>dmfarnum@atfirm.com | 901 North Market Street, Suite 1000<br>Wilmington, DE 19801<br>Tel: 302-478-4230<br>GP@del-iplaw.com<br><br>*Attorneys for Defendant LifeProxy, LLC* |