# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ABERCROMBIE ONLINE, LLC,

          Plaintiff,

    vs.

LIFEPROXY, LLC,

        Defendant.

C.A. No. 14-259-RGA-MPT

## PLAINTIFF ABERCROMBIE ONLINE, LLC'S ANSWERING BRIEF TO DEFENDANT LIFEPROXY, LLC'S MOTION TO DISMISS

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19899
Tel: (302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Attorneys for Abercrombie Online, LLC*

Dated:  September 8, 2014

## <u>TABLE OF CONTENTS</u>

**Page**

I.     THE NATURE AND STAGE OF THE PROCEEDING ................................................... 1

II.    SUMMARY OF ARGUMENT ................................................................................. 1

III.   STATEMENT OF FACTS ...................................................................................... 2

IV.   ARGUMENT ........................................................................................................ 3

       A.     The Requirements for Pleading a Cause of Action ................................................ 3

       B.     Abercrombie Has Sufficiently Pled a Claim for a Declaratory Judgment of Noninfringement ................................................................................................... 4

       C.     Abercrombie Has Sufficiently Pled a Claim for a Declaratory Judgment of Invalidity ............................................................................................................ 8

V.     LEAVE TO AMEND .......................................................................................... 12

VI.   CONCLUSION ................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<span style="font-variant: small-caps">Cases</span>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..................................................................................................... *passim*

*Bayer CropScience AG v. Dow AgroSciences LLC,*
    2011 WL 6934557 (D. Del. Dec. 30, 2011) ............................................................................8

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ..................................................................................................... *passim*

*In re Bill of Lading,*
    681 F.3d 1323 (Fed. Cir. 2012) .................................................................................... 4, 5, 6

*In re Bilski,*
    545 F.3d 943 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos,* 561 U.S. 593 (2010) ........... 11

*CyberSource Corp. v. Retail Decisions, Inc.,*
    654 F.3d 1366 (Fed. Cir. 2011) .......................................................................................... 11

*Dole v. Arco Chem. Co.,*
    921 F.2d 484 (3d Cir. 1990) ............................................................................................... 12

*EMC Corp. v. Zerto, Inc.,*
    C.A. No. 12-956-GMS, 2014 WL 3809365 (D. Del. July 31, 2014) ................................. 9, 10

*Exergen v. Wal-Mart Stores, Inc.,*
    575 F.3d 1312 (Fed. Cir. 2009) ............................................................................................ 4

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) .......................................................................................... 3, 4, 9

*Idenix Pharms., Inc. v. Gilead Sciences, Inc.,*
    C.A. No. 13-1987-LPS-CJB, 2014 WL 4222902 (D. Del. August 25, 2014) .................... 8, 10

*Infineon Techs. AG v. Volterra Semiconductor Corp.,*
    2013 WL 1832558 (N.D. Cal. May 1, 2013) ........................................................... 6, 7, 11, 12

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,*
    714 F.3d 1277 (Fed. Cir. 2013) ............................................................................................ 4

*Limelight Networks, Inc. v. Akamai Techs., Inc.,*
    134 S. Ct. 2111 (2014) ........................................................................................................ 6

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007) ............................................................................................ 4

*Medtronic, Inc. v. Mirowski Family Ventures, LLC,*
  134 S. Ct. 843 (2014) ....................................................................................5

*Microsoft Corp. v. Phoenix Solutions, Inc.,*
  741 F. Supp. 2d 1156 (C.D. Cal. Aug. 18, 2010) .......................................4

*Nautilus, Inc. v. Biosig Instruments, Inc.,*
  134 S. Ct. 2120 (2014) ................................................................................11

*Pagemelding, Inc. v. ESPN, Inc.,*
  2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) .............................................8

*Phillips v. County of Allegheny,*
  515 F.3d 224 (3d Cir. 2008) ........................................................................4

*Senju Pharm. Co. v. Apotex, Inc.,*
  921 F. Supp. 2d 297 (D. Del. 2013) ......................................................8, 10

**STATUTES, RULES & REGULATIONS**

35 U.S.C. §§ 101, 102, 103, and 112 ...........................................................8, 10, 11

35 U.S.C. § 271(c) .......................................................................................6

Fed. R. Civ. P. 8 ...............................................................................1, 2, 3, 10

Fed. R. Civ. P. Rule 9(b) ..............................................................................4

Fed. R. Civ. P. Rule 11 ................................................................................13

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................3, 13

Fed. R. Civ. P. 15(a) ....................................................................................12

## I.       THE NATURE AND STAGE OF THE PROCEEDINGS

On February 24, 2014, Abercrombie Online, LLC ("Abercrombie") filed this suit against LifeProxy, LLC ("LifeProxy") for a declaratory judgment of noninfringement and invalidity of U.S. Pat. Nos. 7,461,024 ("the '024 patent") and 8,204,819 ("the '819 patent") (together, "the patents-in-suit"), purportedly owned by LifeProxy.  D.I. 1.  To allow for party discussions, Abercrombie did not formally serve the complaint until June 17, 2014.  *See* D.I. 6.  The parties stipulated to an extension of time to answer.  D.I. 7.  In *lieu* of answering, LifeProxy filed the instant partial motion to dismiss[1] and accompanying brief.  D.I. 9, 10.  In the meantime, the parties jointly requested the matter be referred to a Magistrate Judge for ADR.  D.I. 11.  The parties held an initial call with Magistrate Judge Thynge on August 27, 2014, and mediation is currently scheduled for October 31, 2014.  *See* D.I. 15.  This is Abercrombie's opposition to LifeProxy's motion to dismiss.

## II.       SUMMARY OF ARGUMENT

1.       Declaratory judgment plaintiff Abercrombie's complaint complies with the requirements of Form 18, as well as the standards set forth in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal.*  Paragraphs 20 and 28 (noninfringement), as well as paragraphs 24 and 32 (invalidity), are plausible and conform to Form 18, where applicable.  Therefore, Abercrombie sufficiently states a claim under Rule 8.

2.       The complaint sufficiently states a declaratory judgment claim for both noninfringement and invalidity.  The pleading standards for noninfringement and invalidity require no more than an allegation that identifies the product or service alleged to infringe one or

---

[1] LifeProxy's motion is "partial" because it apparently does not seek dismissal of Abercrombie's declaratory judgment claim of *direct* non-infringement, limiting its argument to "Abercrombie's non-infringement claims relating to inducement and contributory infringement."  Br. at 9-10.  In any event, this brief responds to every arguable ground of dismissal in LifeProxy's brief.

more identified patents, and an identification of prior art that renders one or more of the patent claims invalid.

    3.    Abercrombie has pled the requisite allegations for its complaint: allegations of jurisdiction and venue (D.I. 1, ¶¶ 4-6); a statement that defendant owns the patents-in-suit, which were attached to the complaint (*id.,* ¶ 11; Ex. A, B); allegations of non-infringement and invalidity (*id.,* ¶¶ 20, 24, 28, 32); that defendant has given notice of Abercrombie's alleged infringement of the patents-in-suit (*id.,* ¶¶ 13, 14, 17); and a demand for declaratory relief (*see, e.g., id.,* Prayer).

## III.    STATEMENT OF FACTS

    Abercrombie—a Delaware company based in Lewes, Delaware—provides automated online auction sniping services to subscribing customers through its websites "ezsniper.com" and "bidnapper.com."  In general, auction sniping is the practice of placing a higher bid than the current highest bid in an online auction shortly before the end of the auction (*i.e.,* "sniping"), so that other bidders do not have time to outbid the sniper, thereby avoiding a bidding war and keeping auction prices low.  Abercrombie has provided its automated sniping services since 2001.

    Robert Montgomery, the named inventor of the patents-in-suit, first contacted Abercrombie regarding his intellectual property in 2008, before his first patent (the '024 patent) issued.  In 2013, Mr. Montgomery again contacted Abercrombie, this time about the then recently-issued '819 patent.

    On February 4, 2014, counsel for LifeProxy, a recently-formed entity, wrote Abercrombie, claiming to have "recently reviewed ezsniper.com and bidnapper.com and determined that one or more of the products and services offered by these websites infringe one

or more claims of each of the issued LifeProxy Patents, U.S. Patent Nos. 8,204,819 and 7,461,024." D.I. 1, Ex. 3. The letter explicitly "constitutes LifeProxy's notice of infringement." *Id.* The letter invited Abercrombie "to discuss this matter amicably so as to obviate the necessity that we pursue litigation as it will otherwise be the only available means of LifeProxy to enforce its Patents." *Id.* The letter unmistakably threatened litigation against Abercrombie:

> Please be advised that LifeProxy is prepared to institute a patent infringement litigation if necessary to resolve this matter. Should a litigation be required, LifeProxy will seek an award of damages, legal fees, and injunction against your use of the patented technology and any and all other remedies allowed under the law.

*Id.* After further investigation, Abercrombie filed this declaratory judgment action on February 24, 2014, in response to LifeProxy's unequivocal allegations of infringement of the '024 and '819 patents by Abercrombie's ezsniper.com and bidnapper.com services. D.I. 1.

## IV.    ARGUMENT

### A.    The Requirements for Pleading a Cause of Action

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing

3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler,* 578 F.3d at 210 (citing *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

Neither invalidity nor noninfringement needs to be pled with particularity.  *Compare Exergen v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1328 (Fed. Cir. 2009) ("[T]o plead the 'circumstances' of *inequitable conduct* with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO.") (emphasis added).

### B.    Abercrombie Has Sufficiently Pled a Claim for a Declaratory Judgment of Noninfringement

A complaint properly pleads a claim of *infringement* if it contains allegations that meet the specificity required by Form 18 from the Appendix of Forms to the Federal Rules of Civil Procedure.  *See In re Bill of Lading,* 681 F.3d 1323, 1334 (Fed. Cir. 2012); *see also K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,* 714 F.3d 1277, 1279 (Fed. Cir. 2013).  "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."  *In re Bill of Lading,* 681 F.3d at 1335 (citing *McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1357 (Fed. Cir. 2007)).  "Indeed, a plaintiff need not even identify which claims it asserts are being infringed."  *Id.*  "Accordingly, to the extent that [a party argues] that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control."  *Id.* at 1334.

Declaratory judgment claims of *noninfringement* should be subject to no higher a standard than that which the patentee is required to plead for infringement.  *See, e.g., Microsoft*

*Corp. v. Phoenix Solutions, Inc.,* 741 F. Supp. 2d 1156 at 1162-63 (C.D. Cal. Aug. 18, 2010) (ruling that bare bones allegations of Form 18 apply to declaratory judgment actions and that more specific detail as to which specific claims are not infringed and why need not be pled in a declaratory judgment complaint); *cf. Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 134 S. Ct. 843, 846 (2014) (in a "declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee"). Adopting a higher pleading standard for noninfringement claims than for infringement claims would implement a double standard and improperly impose a heightened pleading requirement on only one side (accused infringer) in a patent case. It would be neither equitable nor sensical to require a declaratory judgment plaintiff to spell out, at the time of filing its complaint, in painstaking factual detail, its entire theory of noninfringement, before the patent holder has set forth the substance of its theory of infringement.

Abercrombie has provided sufficient notice to LifeProxy of what Abercrombie's noninfringement claims are and the factual grounds upon which they rest. Abercrombie identified the patents by patent number and attached copies of the patents to its complaint. Abercrombie also identified in its complaint the accused instrumentalities for which it seeks a declaratory judgment of noninfringement—ezsniper.com and bidnapper.com. Indeed, LifeProxy—in no uncertain terms—has already accused these same instrumentalities of infringement of the same two patents prior to this suit being filed, and these accusations are incorporated as an exhibit to the complaint. *See* D.I. 1, Ex. 3. LifeProxy is plainly on notice as to the cause of action asserted against it, just as Abercrombie is. There is no legal requirement to allege specifically asserted patent claims in a complaint. *See In re Bill of Lading,* 681 F.3d at 1335. Nor is there a requirement that plaintiff "plead facts establishing that each element of an

asserted [patent] claim is met." *In re Bill of Lading*, 681 F.3d at 1335. Thus, because the *patent owner* (not Abercrombie) must ultimately prove infringement of each claimed element and "nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage," *In re Bill of Lading*, 681 F.3d at 1342, requiring more of Abercrombie now would be "dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage." *Id.* Such is the case here for Abercrombie's declaratory judgment complaint of noninfringement.

As to indirect infringement specifically, it is black letter law that in the absence of direct infringement—which is sufficiently pled—there can be no indirect infringement. *See, e.g., Limelight Networks, Inc. v. Akamai Techs., Inc.,* 134 S. Ct. 2111, 2117 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement.'"); 35 U.S.C. § 271(c). Thus, it is plausible that Abercrombie does not indirectly infringe because it has adequately pled a direct noninfringement claim. On this basis alone, Abercrombie's indirect infringement claims are plausible and properly pled. *See Infineon Techs. AG v. Volterra Semiconductor Corp.,* 2013 WL 1832558, at *1 (N.D. Cal. May 1, 2013).

In *Infineon,* a case cited by LifeProxy in its brief, the district court found the indirect noninfringement claims sufficiently pled where the allegedly non-infringing products were identified and where the patentee's indirect infringement claims were "in essence, based on Volterra's alleged direct infringement, i.e., the sale by Volterra of products that are themselves alleged to be infringing," and "not based on the manner in which Volterra markets a non-infringing product to customers who then use such product to produce an infringing product" or that "Volterra's products are components 'especially made especially adapted for use' in such infringing products." 2013 WL 1832558, at *1 (N.D. Cal. May 1, 2013) (citing 35 U.S.C. § 271(c). "A reasonable inference thus can be drawn that Volterra's claims of indirect non-

6

infringement are not based on an allegation that Volterra does not encourage its customers to incorporate Volterra's allegedly infringing products into their own products, but rather based on the allegation that Volterra's products are non-infringing."  *Id.*  Such is the case here.

Moreover, Abercrombie has alleged that it "has not directly infringed, contributed to the infringement of, or induced others to infringe, any valid and enforceable claim" of the patents-in-suit, "either literally or under the doctrine of equivalents."  Complaint, ¶¶ 20, 28.  To require Abercrombie to allege more than what it has alleged in its complaint would require Abercrombie to prove, at the pleading stage, the absence of facts, something that surely is not required under *Iqbal* and *Twombly* in a case such as this.  Contrary to LifeProxy's brief, there is no support for the broad proposition that "claims seeking declaratory judgment of non-infringement are generally subject to the *Twombly* and *Iqbal* pleading standard."  Br. at 8.  This Court has never held that indirect claims of non-infringement are subject to the *Twombly* and *Iqbal* pleading standard.    LifeProxy cites various out-of-district decisions allegedly holding indirect noninfringement counterclaims to a different standard than direct infringement counterclaims, but those cases are unpersuasive.

For example, in *Gradient Enters., Inc. v. Skype Techs. S.A.,* the district court found that "fairness and common sense" required a counterclaim of indirect noninfringement to contain factual allegations beyond those required for direct noninfringement because:

> A claim of indirect infringement, on the other hand, will presumably have met the relatively stringent standards of *Twombly* and *Iqbal,* and will allege specific facts showing how the defendant is alleged to have induced or contributed to another's infringement.  ***In that situation***, it is not unfair to expect the defendant to plead contrary facts demonstrating that its actions did not involve such indirect infringement.

C.A. No. 10-6712-DGL-JWF, Dkt. 69 at 7 (W.D.N.Y. March 25, 2013) (emphasis added).  A declaratory judgment complaint for noninfringement, on the other hand, presents the opposite of

"that situation," where the plaintiff, like Abercrombie, is not privy to the patentee's indirect infringement allegations (if any) and so it *would* be "unfair to expect the defendant to plead contrary facts demonstrating that its actions did not involve such indirect infringement." *Id.*[2] Abercrombie's indirect noninfringement claims are therefore adequately pled.

### C.      Abercrombie Has Sufficiently Pled a Claim for a Declaratory Judgment of Invalidity

Abercrombie's claim for a declaratory judgment of invalidity meets the requisite pleading standard.  Abercrombie recites specific statutory provisions (35 U.S.C. §§ 102 and 103) and specific prior art references, readily meeting the pleading requirements.

Recent decisions from this district have held that invalidity-related counterclaims[3] are subject to the requirements of *Twombly* and *Iqbal.   See, e.g., Idenix Pharms., Inc. v. Gilead Sciences, Inc.,* C.A. No. 13-1987-LPS-CJB, 2014 WL 4222902, at *5 (D. Del. August 25, 2014) (report and recommendation) (citing *Senju Pharm. Co. v. Apotex, Inc.,* 921 F. Supp. 2d 297 (D. Del. 2013)).[4]  In order to meet the pleading standard:

> [C]ounterclaims of invalidity do not need detailed factual allegations; however, a pleader's "obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's

---

[2] In *Pagemelding, Inc. v. ESPN, Inc.,* 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012), another case cited by LifeProxy, the district court found that "ESPN has not alleged any facts, that if true, would lead to a reasonable inference that it did not intend another party to infringe the patent-at-issue."  Even if such a pleading was strictly required, Abercrombie has, in effect, plausibly alleged that it did not intend for its customers to infringe the patents-in-suit because it has adequately pled direct noninfringement, discussed above, and invalidity, discussed below.

[3] It is worth noting that most—if not all—of the cases cited by LifeProxy involve *counterclaims* of patent invalidity and/or noninfrinagement, not patent invalidity or noninfringement claims brought by an accused infringer under the Declaratory Judgment Act.  In the former case, unlike the latter, the counterclaimant would already have the benefit of the patentees' factual allegations supporting its infringement claim for which it bears the burden of proof.  That is not the case here.

[4] *But see, e.g., Bayer CropScience AG v. Dow AgroSciences LLC,* 2011 WL 6934557, at *2-3 (D. Del. Dec. 30, 2011) (citing cases).

> elements will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  Rather, the
> "[f]actual allegations must be enough to raise a right to relief above the
> speculative level . . . on the assumption that all the allegations in the complaint are
> true. . . ." *Id.*

*EMC Corp. v. Zerto, Inc.,* C.A. No. 12-956-GMS, 2014 WL 3809365, at *2 (D. Del. July 31, 2014).

As opposed to merely asserting that the patent claims fail to comply with the Patent Act—without more—Abercrombie has identified specific statutory provisions and *specific prior art* (and even the names of the persons who developed it) that it has a good faith basis to believe render the claims of the patents anticipated or obvious.  Namely, the complaint recites the following invalidating prior art: "Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglington."  Complaint ¶ 24; *see also id.* ¶ 32.  Those factual contentions should be accepted as true, thus sufficiently showing a plausible claim for relief.  *See Fowler,* 578 F.3d at 210.  No more is necessary because Abercrombie is not required to plead its case at this stage, and the cases cited in LifeProxy's brief do not support otherwise.[5]  Nor does LifeProxy offer any support for its assertion that "listing of this alleged prior art fails to satisfy the pleading standard" or that Abercrombie is required to "attach any supporting materials [further] identifying this art to the Complaint."  Br. at 7-8.

Even after stringing together various district court decisions suggesting that more than citing provisions of the Patent Act in an invalidity counterclaim is required under the pleading standards, LifeProxy curiously attempts to fault Abercrombie for "not adequately specify[ing] the law or laws that allegedly invalidate claims of the '024 or '819 patent."  Br. at 7.  Such an

---

[5] For example, LifeProxy misleadingly cites to various foreign district cases suggesting that Abercrombie's complaint merely alleges "conclusory allegations of patent invalidity" by merely identifying sections of the Patent Act relevant to its invalidity challenge.  Br. at 5.  But the pleadings in those out-of-district cases—unlike the complaint here—did not identify *any* specific prior art alleged to invalidate the claims at issue.

assertion is flat wrong because Abercrombie plainly cites to certain legal basis of invalidity *in addition* to citing specific prior art.  Since Abercrombie is not required to marshal its evidence and theories in the pleadings, LifeProxy should not be heard to complaint that it is "left to speculate" as to why facts "operate to invalidate the '024 and '819 patents."  *Id.*  After all, LifeProxy accused Abercrombie of violating the Patent Laws.   In sum, while LifeProxy *would like* more factual contentions at this time, Abercrombie is *not required* to provide more facts to sufficiently plead its claims under Rule 8.

The cases LifeProxy repeatedly cites, *Senju* and *EMC,* as well as the recently decided *Idenix,* are inapposite.  All three cases involved pleadings substantially similar to those in *Idenix:* that the "claims of the [patent-in-suit] are invalid for failure to comply with one or more provisions of Title 35 of the United States Code related to patentability, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112."  *Idenix,* 2014 WL 4222902, at *14; *see also EMC Corp.,* 2014 WL 3809365, at *2; *Senju,* 921 F. Supp. 2d at 303.  Abercrombie, in constrast, has provided factual allegations of specific prior art in the complaint.   Unlike in *Senju,* Abercrombie's claims "not only provide notice of what particular type of claims of invalidity are at issue, but also bolster those allegations with at least enough 'supporting factual allegations' to render the claims plausible."  *Idenix,* 2014 WL 4222902 at *14 (citing *EMC Corp.,* 2014 WL 3809365, at *2); *see also id.* (stating that "counterclaims of invalidity do not need detailed allegations").   None of the cited cases address the distinguishing fact that Abercrombie's complaint, unlike all the other pleadings at issue in the cited cases, actually pleads *specific prior art* as a factual basis for invalidity.  LifeProxy simply has no support for its contention that Abercrombie's "listing of this alleged prior art fails to satisfy the pleading standard."  Br. at 7.  As stated throughout, Abercrombie does not have to prove its case at the pleading stage.

10

LifeProxy also argues without support that "Abercrombie's listing [of prior art], which appears to be of products as opposed to patents or other written materials, fails to give notice of the exact art at issue—the description is insufficient to identify the art and Abercrombie did not attach any supporting materials to the Complaint."  Br. at 7-8.  But Abercrombie is not required to produce documents, particularly third party documents not in its possession, custody, or control, at the pleading stage.  Indeed, LifeProxy has neither served document requests, nor even denied Abercrombie's invalidity allegation yet.[6]

As for the invalidity theories under 35 U.S.C. §§ 101 and 112 specifically, such considerations are largely—if not solely—questions of law, making a plea for more "facts" by LifeProxy unavailing.  *See, e.g., CyberSource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366, 1369 (Fed. Cir. 2011); *In re Bilski,* 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos,* 561 U.S. 593 (2010) (patent validity under § 101 is an "issue of law").   Thus, while LifeProxy may seek Abercrombie's *legal contentions* at this stage, it is not entitled to them.  As noted above, Abercrombie is not required to prove, let alone spell out, its case at this stage.  For example, in one of LifeProxy's cited cases, *Infineon Techs.,* the district court found §§ 101 and 112 counterclaims and defenses sufficiently pled.  2013 WL 1832558, at *2 (N.D. Cal. May 1, 2013).  As the court in that case explained:

> To the extent the counterclaims and affirmative defenses are based on 35 U.S.C. §§ 101 and 112, the Court finds the allegations are sufficiently pleaded.  Volterra alleges the patents fail to comply with § 101 for the asserted reason that the patents 'lack patentable subject matter' and fail to comply with § 112 for the asserted reason that the patents are 'indefinite, fail to provide an adequate written

---

[6] It is also premature to disclose or discover potential expert testimony, which is commonly used to support or contest claim construction and indefiniteness contentions.  *See Nautilus, Inc. v. Biosig Instruments, Inc.,* 134 S. Ct. 2120, 2124 (2014) ("[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention").  Nor are claim construction positions required to be made at this stage of the case.

11

description or fail to enable one of skill in the art to make and use the alleged inventions.' With respect to § 101, given the traditional subject matter covered by the patents, it is doubtful anything more can be said. With respect to § 112, although, technically, the task of proving a negative is not impossible, ***the Court will not require Volterra, in the context of a pleading, to point to the particular sentences, phrases, or words it asserts are deficient and then to set forth its argument as to what additional information would be necessary to cure such deficiencies***.

*Id.* (emphasis added).[7] Such is the case here. Accordingly, LifeProxy's motion should be denied.

## V.    LEAVE TO AMEND

In the event that the Court finds any portion of Abercrombie's complaint to be deficient, which it should not, Abercrombie respectfully requests leave to amend its complaint. The "court should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a). Courts generally grant motions to amend absent a showing of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of the amendment. *See Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990).

Under this standard, Abercrombie should be granted leave to amend if the complaint is found to be insufficient. Here, there is no evidence of undue delay, bad faith, or dilatory motive on the part of Abercrombie. In addition, since Abercrombie has not previously amended the complaint, there has been no previous opportunity to cure any deficiencies. Finally, there is no prejudice to LifeProxy. The case was filed earlier this year. There is no scheduling order or trial date set in this case yet. Discovery has not yet begun. Thus, LifeProxy cannot show any

---

[7] LifeProxy appears to further fault Abercrombie for not expressly listing the different basis under § 112 that a patent claim may be held invalid. It makes little sense for a § 112 pleading to be sufficient when expressly stating basically all defenses under the statute such as "indefinite, fail to provide an adequate written description or fail to enable one of skill in the art to make and use the alleged inventions," as in *Infineon,* or pleading simply "§ 112" as in Abercrombie's complaint.

prejudice. Accordingly, Abercrombie's request for leave to amend should be granted in the event that its complaint is found to be insufficient.

## VI. CONCLUSION

In short, LifeProxy should not be permitted to unequivocally accuse specific Abercrombie services of infringing the two patents-in-suit—and threaten to bring a lawsuit—and then seek to have Abercrombie's declaratory judgment complaint dismissed for allegedly not meeting pleading requirements. Without detailed knowledge yet of LifeProxy's infringement contentions, Abercrombie should not have to commit to a noninfringement theory at this time. Nor should Abercrombie have to provide detailed information regarding the third party prior art that it believes anticipate and renders obvious the claims of the patents-in-suit.[8]

For the foregoing reasons, LifeProxy's motion to dismiss should be denied. In the event that Abercrombie's complaint is found to be insufficient, Abercrombie respectfully requests leave to amend its complaint.

---

[8] In an apparent attempt to misdirect the Court from the proper inquiry under Rule 12(b)(6), LifeProxy appears to suggest that *Abercrombie* did not engage in a diligent pre-suit investigation. *See* Br. at 1 ("Abercrombie is expected to have performed an adequate pre-suit investigation and, if warranted, to file a declaratory judgment action with the requisite supporting factual allegations."). A Rule 12(b)(6) motion, however, is not the proper mechanism to evaluate a party's pre-suit activities under Rule 11. More importantly, however, there is no legal requirement for Abercrombie to plead *all* facts supporting or underlying its pre-suit activities. And finally, it is LifeProxy, not Abercrombie, that should base its infringement claims on an adequate pre-suit investigation. If there is no infringement, then LifeProxy should admit that in its answer.

Dated: September 8, 2014                                   */s/ Thatcher A. Rahmeier*

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19899
Tel: (302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Attorneys for Abercrombie Online, LLC*

14