## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABERCROMBIE ONLINE, LLC,<br>        Plaintiff,<br><br>        vs.<br><br>LIFEPROXY, LLC,<br><br>Defendant. | C.A. NO. 1:14-259-RGA |

## DEFENDANT LIFEPROXY, LLC'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

*Of Counsel:*

David M. Farnum
ATFirm PLLC
1701 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
(202) 344-4379
dmfarnum@atfirm.com

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Defendant LifeProxy, LLC*

**Table of Contents**

I.     SUMMARY OF ARGUMENT ...........................................................................................1

II.    ARGUMENT ..................................................................................................................1

    A.   LEGAL STANDARD ........................................................................................................... 1

    B.   ABERCROMBIE'S INVALIDITY CLAIMS FAIL TO MEET *TWOMBLY/IQBAL'S* PLEADING STANDARD ................. 2

    C.   ABERCROMBIE'S NON-INFRINGEMENT CLAIMS ARE DEFICIENT UNDER *TWOMBLV* AND *IQBAL* ................... 4

III.   CONCLUSION .............................................................................................................6

**Table of Authorities**

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009)..........................................................1, 2, 5

*Braun v. Bolton*, Civ No. 13-1093-RGA, slip op., at 3 (D. Del. Sept. 30, 2013)................2

*Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008)......................3

*Fowler v UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009).....................................1, 2

*In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) .................................................5

*In re Vaeck*, 947 F.2d 488, 495 (Fed. Cir. 1991)................................................................3

*Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2013 WL 1832558, at *1 (N.D. Cal. May 1, 2013) ..........................................................................................................6

*Memory Control Enterprise, LLC v. Edmunds.com, Inc.*, No. CV 11-7658, 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012) ............................................................................3

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994)4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ............................4

*Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991)..................................2

**Rules**

Fed. R. Civ. P. 15................................................................................................................6

I.      Summary of Argument

Abercrombie's Answering Brief (D.I. 16) misconstrues how the *Twombly/Iqbal* standard applies to declaratory judgment claims in patent cases and fails to refute LifeProxy's basic points about the type of information required to make Abercrombie's claim plausible.  For the reasons set forth herein, Abercrombie's Complaint should be dismissed.

II.     Argument

Abercrombie's Complaint seeking declaratory judgments of invalidity and non-infringement should be dismissed for failing to satisfy the pleading standards of the Supreme Court's *Twombly* and *Iqbal* decisions.

   A.   Legal Standard

Abercrombie recognizes that the facial plausibility requirement of *Twombly* and *Iqbal* apply to its declaratory judgment claims.  (D.I. 16, at 3-4; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'"); *see also Fowler v UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009).

As the Third Circuit has recognized:

> "*Iqbal* additionally provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.  *See also Phillips*, 515 F.3d at 232-33. ... Under this 'no set of facts' standard, a complaint effectively could survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.
>
> The Supreme Court began its rejection of that test in *Twombly*, holding that a pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955; *Phillips*, 515 F.3d at 232.  … The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' *Iqbal*, 129 S.Ct. at 1949."

*Fowler*, 578 F.3d at 210.

1

B.       Abercrombie's Invalidity Claims Fail to Meet *Twombly/Iqbal's* Pleading Standard

Abercrombie does not dispute that the pleading requirements of *Twombly* and *Iqbal* apply

to claims seeking a declaratory judgment of invalidity.  (D.I. 16, at 8).

Under the *Twombly/Iqbal* standard, Abercrombie's §§ 101 and 112 claims are clearly

deficient as they offer no more than "labels and conclusions" or an "unadorned, the defendant-

unlawfully-harmed-me accusation."  *See Fowler*, 578 F.3d at 210 (citing *Iqbal*, 129 S. Ct. at 1949).

Abercrombie's assertion that it does not need to provide any factual or other support to meet the

*Twombly/Iqbal* standard for claims that are "questions of law," (D.I. 11), wholly misconstrues the

standard and *Fowler*'s two-step analysis.  Under *Fowler*, the factual and legal elements of a claim

are separated because "[t]he assumption of truth is inapplicable to legal conclusions or to

'[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory

statements.'" *Braun v. Bolton*, Civ No. 13-1093-RGA, slip op., at 3 (D. Del. Sept. 30, 2013) (citing

*Iqbal*, 556 U.S. at 678) (Exhibit A).  Thus, contrary to Abercrombie's assertion, whether a claim

is a question of law or fact has no bearing on the amount of factual support required to show a

claim has facial plausibility.[1]

Here, Abercrombie's claims of §§ 101 and 112 invalidity are nothing more than mere labels

and conclusions that should be dismissed.  *See, e.g.*, *EMC Corp. v. Zerto, Inc.*, C.A. No. 12-956-

GMS, 2014 WL 3809365, at *2 (D. Del. Jul. 31, 2014) (dismissing counterclaims alleging: "One

---

[1] Abercrombie's distinction further falls apart when the issue of law versus fact for the various
invalidity bases are considered.  For example, § 112's written description requirement is a
"question of fact," *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991), while
indefiniteness is a "question of law" but based on underlying factual findings, *In re Vaeck*, 947
F.2d 488, 495 (Fed. Cir. 1991).  Nonetheless, Abercrombie asserts that both could be
sufficiently pled by simply stating a patent is invalid under § 112.  This distinction is even
more confounding when considering that § 102 (anticipation) is a "question of fact," *Finisar
Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008), while § 103 (obviousness)
is a "question of law," *id.* at 1338.  Presumably, Abercrombie does not intend to suggest that
less is required to plead obviousness than anticipation.

or more claims ... is invalid for failure to comply with the conditions for patentability specified by Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and 112.").  If Abercrombie does not have sufficient information to support these claims at this time, the proper course of action is to withhold pleading them and seek leave to amend later if it develops such information.

In regard to Abercrombie's §§ 102 and 103 invalidity claims, Abercrombie does not appear to contest LifeProxy's position that such claims contain separate and distinct elements should be separately pled.  (D.I. 10, at 5-6, 8.)  Nevertheless, Abercrombie has simply lumped §§ 102 and 103 together even though there are several distinct bases for invalidity under § 102, and § 103 contains separate and additional elements that are not part of a § 102 analysis.  *See, e.g., Memory Control Enterprise, LLC v. Edmunds.com, Inc.*, No. CV 11-7658, 2012 WL 681765, at *3 (C.D. Cal. Feb. 8, 2012) (noting that there are at least seven reasons why a patent might be invalid under 35 U.S.C. § 102(a)-(g) alone).  Just as the distinct infringement claims under § 271 require separate and sufficient pleadings for each of them, the separate and distinct elements of §§ 102 and 103 require separate and sufficient pleadings.  Such a requirement does not require Abercrombie to prove its case at the pleading stage, but rather merely requires Abercrombie to provide allegations that show its claims are facially plausible.

Lastly, Abercrombie has attempted to bolster its §§ 102 and 103 invalidity claims by including the following identification of alleged prior art: "Cricket Jr., developed by David Eccles, eSnipe developed by Warren Wiens, and Bidrobot developed by Charles Eglinton."  (D.I. 1, ¶¶ 24, 32.)  Abercrombie complains that it should not be required "to produce documents, particularly third party documents not in its possession, custody or control, at the pleading stage." (D.I. 16, at 11.)  LifeProxy assumes that Abercrombie did not intend to suggest that it did not have some

documentation of these alleged references in its possession, as it presumably had some basis for including them in its Complaint. However, as previously noted, Abercrombie's listing, which appears to be of products as opposed to patents or other written materials, fails to give notice of the exact art at issue—the description itself is insufficient to identify the art and Abercrombie did not attach any supporting materials identifying this art to the Complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting in assessing whether a complaint is sufficiently pled, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994). A mere listing of an alleged prior art product, without more (such as an allegation regarding the date of product availability), does not provide a sufficient basis for concluding that a claim is facially plausible as opposed to merely possible.

Abercrombie's declaratory judgment claims for invalidity fail to provide the requisite supporting factual allegations under *Twombly* and *Iqbal*, and therefore should be dismissed for failure to state a claim for which relief can be granted.

C.       Abercrombie's Non-Infringement Claims Are Deficient Under *Twombly* and *Iqbal*

Abercrombie appears to contest whether *Twombly* and *Iqbal* apply to declaratory judgment claims of indirect non-infringement. (D.I. 16, at 7.) Abercrombie's suggestion that *Twombly* and *Iqbal* do not apply to such claims is dubious. *See, e.g., Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'"); *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (holding "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement"). Further, contrary to Abercrombie's assertions, LifeProxy does not seek to impose any higher standard on declaratory judgment claims for non-infringement than for infringement. Instead, LifeProxy is simply seeking the equal application of

the facial plausibility standard to Abercrombie's declaratory judgment claims for non-infringement as clearly required under *Twombly* and *Iqbal*.

Abercrombie attempts to justify its conclusory allegations of indirect non-infringement by suggesting that its allegation of no direct infringement automatically renders claims of no indirect infringement facially plausible. (D.I. 16, at 6.) However, the case upon which Abercrombie relies does not support this proposition. In *Infineon*, the plaintiff patent-holder filed suit alleging setting forth both direct and indirect infringement claims, and determined that based on the specific allegations of the plaintiff that the defendant's bare-bones claims of indirect non-infringement were sufficient. *See Infineon Techs. AG v. Volterra Semiconductor Corp.*, 2013 WL 1832558, at *1 (N.D. Cal. May 1, 2013). While LifeProxy questions whether the *Infinenon* court's reasoning is correct,[2] even assuming so, it is inapplicable to this case. As Abercrombie recognizes, the *Infineon* court's analysis rested on the specific allegations of the patent-holder, which the court determined were "not based on the manner in which Volterra markets a non- infringing product to customers who then use such product to produce an infringing product" or that "Volterra's products are components 'especially made especially adapted for use' in such infringing products." *Id.* Based on these allegations, the court concluded: "A reasonable inference thus can be drawn that Volterra's claims of indirect non-infringement are not based on an allegation that Volterra does not encourage its customers to incorporate Volterra's allegedly infringing products into their own products, but rather based on the allegation that Volterra's products are non-infringing." *Id.* Here, the record is completely devoid of any such facts because Abercrombie has filed its

---

[2] LifeProxy cited an earlier opinion by the *Infineon* court for its ruling that *Twombly* and *Iqbal* applied to declaratory judgment claims of indirect non-infringement, not for its later determination that the amended counterclaims satisfied the facial plausibility standard. (D.I. 10, at 9.)

declaratory judgment action as the plaintiff and LifeProxy has not filed any claims yet. Thus, Abercrombie's claim that its direct non-infringement claim adequately supports is indirect non-infringement claims is wrong—as recognized in *Infineon* there are several possible bases for indirect infringement and Abercrombie's allegation that it does not directly infringe itself does not make it facially plausible that it does not indirectly infringe.

Abercrombie's complaints of unfairness are particularly misplaced given that it is the plaintiff in this case. Abercrombie chose to file suit—it did not have to file suit, or file suit when it did. If Abercrombie does not have a sufficient basis to show that its declaratory judgment claims of non-infringement are facially plausible, then those claims should be dismissed regardless of the reason why Abercrombie cannot show its claims are facially plausible. *Twombly* and *Iqbal* do not contemplate or permit exceptions to their pleading standard based on the stage of case, whether the claims are declaratory judgment claims, or the existence, type or amount of information contained in the other party's pleadings, if any. Nor is there any need for any such exemptions as the Federal Rules already provide mechanisms for parties to seek leave to amend their pleadings, if warranted. *See* Fed. R. Civ. P. 15.

Abercrombie's declaratory judgment claims for non-infringement fail to provide the requisite supporting factual allegations under *Twombly* and *Iqbal*, and therefore should be dismissed for failure to state a claim for which relief can be granted.

III.    Conclusion

For the reasons set forth herein, Abercrombie's Complaint for Declaratory Judgment of Invalidity and Non-Infringement should be dismissed.

Respectfully submitted.

6

<u>*Of Counsel:*</u>

David M. Farnum
ATFirm PLLC
1701 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
(202) 344-4379
dmfarnum@atfirm.com

<u>*/s/ George Pazuniak*</u>
George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Defendant LifeProxy, LLC*

7